<div style="color:red; text-align:center">CORRECTED</div>

# In the United States Court of Federal Claims
### OFFICE OF SPECIAL MASTERS
### No. 19-365V
(not to be published)

| | |
|---|---|
| R. W-J,<br><br>                Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND HUMAN SERVICES,<br><br>                Respondent. | Chief Special Master Corcoran<br><br>Filed: April 5, 2021<br><br>Special Processing Unit (SPU); Attorney's Fees and Costs |

*Ronald Craig Homer*, Conway, Homer, P.C., Boston, MA, for Petitioner.

*Voris Edward Johnson*, U.S. Department of Justice, Washington, DC, for Respondent.

### DECISION ON ATTORNEY'S FEES AND COSTS[1]

On March 11, 2019, R. W-J. filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioner alleges that she suffered a shoulder injury related to vaccine administration caused by an influenza vaccine administered on September 17, 2016. (Amended Petition filed December 19, 2019 at 1). On December 10, 2020, a decision was issued awarding compensation to Petitioner based on the Respondent's proffer. (ECF No. 59).

---

[1] Because this unpublished Decision contains a reasoned explanation for the action in this case, I am required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

Petitioner has now filed a motion for attorney's fees and costs, dated March 12, 2021 (ECF No. 64), requesting a total award of $28,741.27 (representing $28,177.10 in fees and $564.17 in costs). Petitioner also requests $6,506.25 in fees and $400.00 in costs incurred by Petitioner's former counsel, Davis Adams, LLC[3]. (*Id.* at 1-2). In accordance with General Order No. 9, Petitioner filed a signed statement indicating that Petitioner incurred out-of-pocket expenses in the amount of $63.24. (ECF No. 65). Respondent reacted to the motion on March 15, 2021, indicating that he is satisfied that the statutory requirements for an award of attorney's fees and costs are met in this case, but deferring determination of the amount to be awarded to my discretion. (ECF No. 66). Petitioner did not file a reply thereafter.

I have reviewed the billing records submitted with Petitioner's requests and find a reduction in the amount of fees to be awarded appropriate, for the reason listed below.

## ANALYSIS

The Vaccine Act permits an award of reasonable attorney's fees and costs. Section 15(e). Counsel must submit fee requests that include contemporaneous and specific billing records indicating the service performed, the number of hours expended on the service, and the name of the person performing the service. *See Savin v. Sec'y of Health & Human Servs.*, 85 Fed. Cl. 313, 316-18 (2008). Counsel should not include in their fee requests hours that are "excessive, redundant, or otherwise unnecessary." *Saxton v. Sec'y of Health & Human Servs.*, 3 F.3d 1517, 1521 (Fed. Cir. 1993) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)). It is "well within the special master's discretion to reduce the hours to a number that, in [her] experience and judgment, [is] reasonable for the work done." *Id.* at 1522. Furthermore, the special master may reduce a fee request *sua sponte*, apart from objections raised by respondent and without providing a petitioner notice and opportunity to respond. *See Sabella v. Sec'y of Health & Human Servs.*, 86 Fed. Cl. 201, 209 (2009). A special master need not engage in a line-by-line analysis of petitioner's fee application when reducing fees. *Broekelschen v. Sec'y of Health & Human Servs.*, 102 Fed. Cl. 719, 729 (2011).

The petitioner "bears the burden of establishing the hours expended, the rates charged, and the expenses incurred." *Wasson v. Sec'y of Health & Human Servs.,* 24 Cl. Ct. 482, 484 (1991). The Petitioner "should present adequate proof [of the attorney's fees and costs sought] at the time of the submission." *Wasson,* 24 Cl. Ct. at 484 n.1.

---

[3] Petitioner's motion requests the amount of $6,675.00 in attorney fees. However, upon review, the amount was incorrectly calculated and the correct total is $6,506.25. (17.35 hrs x $375 = $6,506.25).

2

Petitioner's counsel "should make a good faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary, just as a lawyer in private practice ethically is obligated to exclude such hours from his fee submission." *Hensley*, 461 U.S. at 434.

## ATTORNEY FEES

Petitioner requests the following rates for attorney Ronald Homer: $430 per hour for time billed in 2019, and $447 per hour for time billed in 2020 and 2021. (ECF No. 64 at 27). Petitioner also requests the rate of $375 per hour for prior counsel Chad Adams and Jesse Davis, now of the firm Davis Adams, LLC. (*Id.* at 29). Mr. Homer has previously been awarded these rates. See *Walton v. Sec'y of Health & Human Servs.*, No. 19-396, Slip op. 54 (Fed. Cl. Spec. Mstr. Feb. 9, 2021). I will therefore adopt them herein as well.

The rates of Messrs. Davis and Adams, however, require adjustment. This was the first case for Mr. Davis in the Vaccine Program, and he therefore does not have established rates. Mr. Davis states both he and Mr. Adams have been a licensed attorneys since 2004, placing them in the range of attorneys with 11 – 19 years' experience on the OSM Attorney's Forum Hourly Rate Schedule.[4] The requested rates are all within the Vaccine Program's published range for attorneys at their level of overall experience, albeit on the higher end of the range. However, both Mr. Davis and Mr. Adams do not have demonstrated Vaccine Act experience, with this matter being Mr. Davis' first case and Mr. Adams not listed as an attorney of record. It is therefore improper for Mr. Davis and Mr. Adams to receive rates established for comparably experienced counsel who *also* have lengthy experience in the Program. See *McCulloch v. Health and Human Services*, No. 09–293V, 2015 WL 5634323, at *17 (Fed. Cl. Spec. Mstr. Sept. 1, 2015) (stating the following factors are paramount in deciding a reasonable forum hourly rate: experience in the Vaccine Program, overall legal experience, the quality of work performed, and the reputation in the legal community and community at large).

Accordingly, I find it reasonable to reduce the requested hourly rates to the following: time billed by Mr. Davis' to be billed at $350 per hour, and time billed by Mr.

---

[4] The OSM Attorneys' Forum Hourly Rate Fees Schedules for 2015 – 2021 can be located on the court's website. http://www.cofc.uscourts.gov/node/2914.

Adams to be billed at $325 per hour.[5] This reduces the total amount of fees to be awarded by **$535.00**.[6]

## ATTORNEY COSTS

Petitioner requests $564.17 in costs incurred by Conway Homer, PC; $400.00 in costs incurred by Davis Adams, LLC; and $63.24 in personally incurred costs. (ECF No. 64 at 2). These costs reflect expenses incurred in obtaining medical records, shipping costs, and the Court's filing fee. I have reviewed all of the requested costs and find them to be reasonable and shall award it in full.

## CONCLUSION

The Vaccine Act permits an award of reasonable attorney's fees and costs. Section 15(e). **Accordingly, Petitioner is awarded the total amount of $35,175.76[7] as follows:**

- **A lump sum of $28,741.27, representing reimbursement for attorneys' fees and costs, in the form of a check payable jointly to Petitioner and Petitioner's counsel, Ronald Homer; and**

- **A lump sum of $6,371.25, representing reimbursement for attorneys' fees and costs, in the form of a check payable jointly to Petitioner and Petitioner's counsel, Davis Adams, LLC; and**

- **A lump sum of $63.24, representing reimbursement for Petitioner's costs, in the form of a check payable to Petitioner.**

In the absence of a timely-filed motion for review (see Appendix B to the Rules of the Court), the Clerk shall enter judgment in accordance with this decision.[8]

---

[5] Records show Mr. Adams only billed time in 2018 and Mr. Davis only billed time in 2019.

[6] This amount consists of ($375 - $350 = $25 x 13.3 hrs = $332.50) + ($375 - $325 = $50 x 4.05 = $202.50) = $535.00.

[7] This amount is intended to cover all legal expenses incurred in this matter. This award encompasses all charges by the attorney against a client, "advanced costs" as well as fees for legal services rendered. Furthermore, § 15(e)(3) prevents an attorney from charging or collecting fees (including costs) that would be in addition to the amount awarded herein. *See generally Beck v. Sec'y of Health & Human Servs.,* 924 F.2d 1029 (Fed. Cir. 1991).

[8] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment by filing a joint notice renouncing their right to seek review.

**IT IS SO ORDERED.**

                                              **s/Brian H. Corcoran**
                                              Brian H. Corcoran
                                              Chief Special Master